UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLEY McMURTRY, | No. 2:12-cv-00103 DAD P |
| Plaintiff, | |
| v. | ORDER |
| HU, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Before the court is plaintiff's motion to compel discovery, plaintiff's request for the appointment of counsel, and defendants' request for clarification as to how the court intends to proceed with their pending motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b) due to plaintiff's alleged failure to exhaust administrative remedies prior to filing suit.

**PLANITFF'S MOTION TO COMPEL**

**I. Plaintiff's Motion**

In his motion to compel the production of documents, plaintiff argues that defendants have refused to produce requested documents which, according to him, "places an undue burden of plaintiff's prosecution of the lawsuit." (ECF No. 29 at 1-2.) Plaintiff does not specify in his

1

motion which documents defendants failed to produce and instead merely attaches a copy of defendants' discovery responses to his motion and asserts vaguely that "pertinent documents have been witheld [sic] in bad faith." (Id. at 2.) Plaintiff also disagrees with defendants' discovery responses in which they object by stating that his discovery requests are "overbroad, compound, irrelevant, readily available to plaintiff, or would create a hazard to the safety of the security of the institution[.]" (Id. at 3.)

**II. Defendants' Opposition**

Defendants Hu and Gebrezghi have filed an opposition to plaintiff's motion to compel. Therein, they contend that they provided timely responses to plaintiff's discovery requests and, in addition, provided over two hundred pages of medical documents in supplemental responses to those requests. (ECF No. 30 at 1.) Defendants argue that plaintiff has not identified which of their responses are deficient, explained why their objections to specific discovery requests were not justified, nor has plaintiff show why the information he seeks through discovery is relevant to this action. (Id. at 3.) Defendants assert that they have properly responded to plaintiff's discovery requests and have also produced plaintiff's inmate grievance relating to the incident at issue. (Id. at 4.) Finally, defendants assert that their discovery responses are not deficient and that plaintiff has merely alleged in conclusory fashion that the documents he seeks "'are not overbroad, compound, irrelevant, readily available to Plaintiff, or would create a hazard to the safety of the security of the institution.'" (Id.) Defendants argue that plaintiff's bald assertion in this regard fails to satisfy his burden to provide specific arguments in support of his motion to compel. (Id.)

**III. Discussion**

Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). Under Rule 37 of the Federal Rules of Civil Procedure, the court may order a party to provide further responses to "an evasive or incomplete disclosure, answer, or response." See Fed. R. Civ. P. 37(a)(3).

/////

1    Here, the court will not order defendants to provide further responses to plaintiff's request
2    for production of documents. Defendants have produced over two hundred pages of medical
3    documents in response to plaintiff's discovery request and have advised plaintiff that the
4    operations manual which provides the policies and procedures plaintiff requests is available to
5    him in the prison law library. Although the court does not hold litigants proceeding pro se to the
6    same standards that it holds attorneys, at a minimum, as the moving party with respect to the
7    pending motion to compel, plaintiff has the burden of informing the court why he believes the
8    defendants' discovery responses are deficient, why the defendants' objections to some of his
9    requests are not justified, and why the additional documents he seeks through discovery is
10   relevant to his prosecution of this action. See, e.g., Brooks v. Alameida, No. CIV S-03-2343
11   JAM EFB P, 2009 WL 331358, at *2 (E.D. Cal. Feb. 10, 2009) ("Without knowing which
12   responses plaintiff seeks to compel or on what grounds, the court cannot grant plaintiff's
13   motion."), report and recommendation adopted by 2009 WL 807498 (E.D. Cal. Mar. 26, 2009);
14   Ellis v. Cambra, No. CIV F-02-5646 AWI SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27,
15   2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to
16   compel, and, for each disputed response, inform the court why the information sought is relevant
17   and why Defendant's objections are not justified.").
18   Here, plaintiff has provided no specific arguments in support of his motion to compel but
19   rather, is essentially asking the court to make his arguments for him. The court will not examine
20   each of plaintiff's discovery requests and each of the defendants' responses thereto in order to
21   determine whether any of the defendants' responses are somehow deficient. It is plaintiff's
22   burden to describe why the defendants' particular discovery responses were inadequate. See, e.g.,
23   Williams v. Flint, No. CIV S 06-1238 FCD GGH P, 2007 WL 2274520, at *1 (E.D. Cal. Aug. 6,
24   2007) ("It is plaintiff's burden to describe why a particular response is inadequate. It is not
25   enough to generally argue that all responses are incomplete.").

26                           **PLAINTIFF'S REQUEST FOR THE APPOINTMENT OF COUNSEL**

27   Within his motion to compel plaintiff has also requested the appointment of counsel. The
28   United States Supreme Court has ruled that district courts lack authority to require counsel to

1  represent indigent prisoners in § 1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296,
2  298 (1989).  In certain exceptional circumstances, the district court may request the voluntary
3  assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017
4  (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The test for
5  exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on
6  the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity
7  of the legal issues involved.  See <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986);
8  <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners,
9  such as lack of legal education and limited law library access, do not establish exceptional
10 circumstances that would warrant a request for voluntary assistance of counsel.  In the present
11 case, the court does not find the required exceptional circumstances at this time.  Accordingly,
12 plaintiff's request for the appointment of counsel will be denied.

**DEFENDANTS' MOTION TO DISMISS**

14     On February 10, 2014, defendants Gebrezghi and Hu filed a motion to dismiss the
15 complaint for plaintiff's failure to exhaust his administrative remedies before initiating this action.
16 That motion was brought pursuant to Federal Rule of Civil Procedure 12(b).  On April 4, 2014,
17 defendants filed a notice with the court requesting clarification as to how the court intends to
18 proceed with respect to their pending motion to dismiss.
19     On April 3, 2014, the United States Court of Appeals for the Ninth Circuit overruled the
20 decision in <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003), with respect to the proper
21 procedure for seeking pretrial resolution of an affirmative defense on the basis of an alleged
22 failure to comply with the administrative exhaustion requirement.  See <u>Albino v. Baca</u>, ___ F.3d
23 ___, 2014 WL 1317141 at *1 (9th Cir. 2014) (en banc).  Under the decision in <u>Albino</u>, a
24 defendant may raise the issue of proper exhaustion in either (1) a motion to dismiss brought
25 pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the
26 complaint, or (2) a motion for summary judgment.  <u>Id.</u> at *4 (quotation marks omitted).  An
27 unenumerated Rule 12(b) motion is no longer the proper procedural device for raising the issue of
28 exhaustion.  <u>Id.</u>  Therefore, the defendants' pending motion to dismiss will be denied without

4

prejudice to the filing of a motion for summary judgment in accordance with the decision in Albino.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's November 25, 2013 motion to compel discovery and request for appointment of counsel (ECF No. 29) is denied;

2. Plaintiff's November 25, 2013 request for the appointment of counsel (ECF No. 29) is denied without prejudice;

3. Defendants' April 4, 2014 request for clarification (ECF No. 37) is granted; and

4. Defendants' February 10, 2014 motion to dismiss due to plaintiff's alleged failure to exhaust administrative remedies prior to filing suit (ECF No. 32) is denied without prejudice to the filing of a motion for summary judgment in accordance with the Ninth Circuit decision in Albino within thirty days.

Dated: April 28, 2014

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
mcmu103.mtc