UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLEY McMURTRY, | No. 2:12-cv-00103 DAD P |
| Plaintiff, | |
| v. | ORDER |
| HU, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This action is referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 302(c), and Local General Order No. 262.

On May 29, 2014, defendants filed and served a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.  (ECF No. 39.)

Pursuant to the Local Rules of this court, plaintiff's opposition or statement of non-opposition was due within 21 days after service of the defendants' motion for summary judgment. See Local Rule 230(l).  More than 21 days have passed, and plaintiff has not opposed the motion or otherwise communicated with the court.

On April 1, 2013, plaintiff was advised of the requirements for filing an opposition to a motion for summary judgment, and informed that his failure to oppose such motion may be

deemed a waiver of opposition thereto.  (See ECF No. 18.)  See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988).  The order filed April 1, 2013, also advised plaintiff that failure to comply with the Local Rules may result in a recommendation that this action be dismissed.

Local Rule 230(l) provides that failure to timely respond to a motion may be deemed a waiver of opposition.  See Local Rule 230(l).[1]  In addition, Local Rule 110 provides that failure to comply with the Local Rules or any order of this court "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Finally, Rule 41(b), Federal Rules of Civil Procedure, authorizes the involuntary dismissal of an action due to a plaintiff's failure to prosecute, or to comply with the Federal Rules or a court order.

Good cause appearing, IT IS HEREBY ORDERED that, within 21 days[2] after the filing date of this order, plaintiff shall file and serve an opposition, or statement of no opposition, to the pending motion for summary judgment.  Failure to timely file an opposition, or statement of no opposition, will be deemed as plaintiff's consent to have this action dismissed for lack of prosecution, failure to abide by a court order, and failure to comply with the Local Rules and Federal Rules of Civil Procedure.  Accordingly, plaintiff is forewarned that his failure to file the

---

[1] Local Rule 230(l) provides in pertinent part:

> Opposition, if any, to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21), days after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions.

[2] The court notes that plaintiff has had substantial notice of the grounds on which defendants move for summary judgment.  The motion was previously filed and served on February 10, 2014, as an unenumerated Rule 12(b) motion to dismiss.  (See ECF No. 32.)  Plaintiff did not oppose that motion, despite the granting of an extension of time within which to do so.  (See ECF No. 36.)  However, on April 29, 2014, pursuant to the Ninth Circuit Court of Appeals' decision in Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014) (en banc), the court denied the motion to dismiss without prejudice to its renewal as a motion for summary judgment.  (See ECF No. 38.)  Defendants filed their motion for summary judgment now pending before the court on May 29, 2014.  (ECF No. 39.)

documents required by this order will result in a recommendation that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: July 1, 2014

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
mcmu0103.nooppo.