1

2

3

4

5

6

7

8                                UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHARLEY McMURTRY,                              No.  2:12-cv-0103 DAD P

12                  Plaintiff,

13       v.                                         ORDER &

14   HU, et al.,                                    FINDINGS AND RECOMMENDATIONS

15                  Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under

18   42 U.S.C. § 1983.  Now pending before the court is defendants' motion for summary judgment,

19   based on plaintiff's alleged failure to exhaust his available administrative remedies prior to filing

20   suit as required.  (ECF No. 39.)  Plaintiff has filed an opposition to the motion (ECF No. 46), and

21   defendants, a reply (ECF No. 48).

22                                         **BACKGROUND**

23          Plaintiff proceeds on his original complaint against defendant Nurses Hu and Gebrezghi.

24   In his complaint, plaintiff alleges that defendants violated his rights under the Eighth Amendment

25   while he was incarcerated at California State Prison-Solano ("CSP-Solano") by taking the

26   following actions:

27        •   On or about June 5, 2010, at a time when plaintiff was held in 5 point restraints,

28            defendant Nurse Gebrezghi twice injected plaintiff with drugs.  Plaintiff had informed

1

1    Nurse Gebrezghi of his phobia of needles; moreover, the drugs could have been orally

2    administered.  (ECF No. 1 at 5, 7, 9.)

3    •  On or about June 9, 2010, plaintiff was placed in a safety cell (also known as a "rubber

4    room").  After plaintiff complained about a lack of ventilation in the safety cell, a

5    correctional officer placed a fan in front of the cell, which allowed air to enter through

6    a crack at the bottom of the cell door.  Less than 30 minutes later, defendant Nurse Hu

7    stated to plaintiff, "We don't like you!  You don't get a fan!  Besides, other inmates

8    will beg for one too!" and removed the fan.  Plaintiff's nose started to bleed, and he

9    "suffered in extremely harsh conditions" for twenty-four hours before a correctional

10   officer placed the fan back in front of the cell.  (Id. at 10.)

11   •  On or about June 11, 2010, Nurse Hu placed plaintiff's arm in a restraint.  When he

12   told her it was too tight, she replied, "I wish they [would] put you in a gas chamber so

13   I won't have to bother with you anymore!"  She then began to repeatedly express a

14   wish that she could kill plaintiff.  (Id. at 11.)

15       At screening, the court found that plaintiff's amended complaint appeared to state

16   cognizable claims for relief against defendants Hu and Gebrezghi and ordered service of the

17   complaint on them.  (ECF No. 10.)  Defendants then filed an answer.  (ECF No. 23.)  Defendants

18   now move for summary judgment, contending that plaintiff failed to properly exhaust

19   administrative remedies prior to filing suit as required.

20                              **THE EXHAUSTION REQUIREMENT**

21       By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C.

22   § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under

23   section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or

24   other correctional facility until such administrative remedies as are available are exhausted."  42

25   U.S.C. § 1997e(a).  The exhaustion requirement "applies to all inmate suits about prison life,

26   whether they involve general circumstances or particular episodes, and whether they allege

27   excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).

28   /////

2

1       The United States Supreme Court has ruled that exhaustion of prison administrative

2  procedures is mandatory regardless of the relief offered through such procedures.  See Booth v.

3  Churner, 532 U.S. 731, 741 (2001).  The Supreme Court has also cautioned against reading

4  futility or other exceptions into the statutory exhaustion requirement.  See id. at 741 n. 6.

5  Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion

6  requirement by filing an untimely or otherwise procedurally defective administrative grievance or

7  appeal.  See Woodford v. Ngo, 548 U.S. 81, 90-93 (2006).  "[T]o properly exhaust administrative

8  remedies prisoners 'must complete the administrative review process in accordance with the

9  applicable procedural rules,' [ ] - rules that are defined not by the PLRA, but by the prison

10  grievance process itself."  Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford, 548 U.S.

11  at 88).  See also Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) ("The California prison

12  system's requirements 'define the boundaries of proper exhaustion.'").

13       The administrative inmate grievances at issue in this matter were filed by plaintiff prior to

14  January 28, 2011, the date on which CDCR issued revised regulations governing administrative

15  complaints by prisoners.  Under the regulations previously in effect, prisoners were provided the

16  right to appeal administratively "any departmental decision, action, condition or policy which

17  they can demonstrate as having an adverse effect upon their welfare."  Cal. Code Regs. tit. 15, §

18  3084.1(a) (2009).  In order to exhaust available administrative remedies within that prior system,

19  a prisoner was required to proceed through four levels of appeal:  (1) informal resolution,

20  (2) formal written appeal on a 602 inmate appeal form, (3) second level appeal to the institution

21  head or designee, and (4) third level appeal to the Director of CDCR.  Barry v. Ratelle, 985 F.

22  Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5 (2009)).  A final

23  decision at the Director's level of review satisfied the administrative exhaustion requirement.

24       In order to "lodge [a]n administrative complaint on CDC Form 602, "prisoners were

25  required 'to describe the problem and action requested.'"  Morton v. Hall, 599 F.3d 942, 946 (9th

26  Cir. 2010) (quoting Cal. Code Regs. tit. 15, § 3084.2(a) (2010)).  The content of a grievance was

27  sufficient if it "alert[ed] the prison to the nature of the wrong for which redress [wa]s sought."

28  Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009).  As the Ninth Circuit has instructed:

> A grievance need not include legal terminology or legal theories unless they are in some way needed to provide notice of the harm being grieved. A grievance also need not contain every fact necessary to prove each element of an eventual legal claim. The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation.

Griffin, 557 F.3d at 1120.

The PLRA exhaustion requirement is not jurisdictional but rather creates an affirmative defense that defendants must plead and prove. See Jones, 549 U.S. at 216 ("[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints."); Albino v. Baca, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc). A defendant may move for dismissal under Federal Rule of Civil Procedure 12(b)(6) "[i]n the rare event" that a prisoner's failure to exhaust is clear on the face of the complaint. Albino, 747 F.3d at 1168 & 1169. More typically, defendants are required to move for summary judgment under Federal Rule of Civil Procedure 56 and produce probative evidence that proves a prisoner's failure to exhaust. See id. at 1166. In Albino, the Ninth Circuit agreed with the underlying panel's decision[1] "that the burdens outlined in Hilao [v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir. 1996),] should provide the template for the burdens here." Albino, 747 F.3d at 1172. Thus, a defendant need only show "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Id.

If the defendant carries that burden, "the prisoner has the burden of production. That is, the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. For example, prison officials can render administrative remedies effectively unavailable by improperly screening out inmate grievances. See Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010). In such a case, "the inmate cannot pursue the necessary sequence of appeals . . . ." Id. See also Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010) (excusing an inmate's failure to exhaust because he was precluded from exhausting his

---

[1] The Ninth Circuit has noted that "[a] defendant's burden of establishing an inmate's failure to exhaust is very low." Albino v. Baca, 697 F.3d 1023, 1031 (9th Cir. 2012). Relevant evidence includes statutes, regulations, and other official directives that explain the scope of the administrative review process. Id. at 1032.

1    administrative remedies by a warden's mistaken instruction to him that a particular unavailable

2    document was needed for him to pursue his inmate appeal); Marella, 568 F.3d 1024 (excusing an

3    inmate's failure to exhaust because he did not have access to the necessary grievance forms to

4    timely file his grievance).

5            Ultimately, if the undisputed evidence viewed in the light most favorable to the prisoner

6    demonstrates a failure to exhaust, the court should grant defendant's motion for summary

7    judgment.  Albino, 747 F.3d at 1166.  On the other hand, if there are material facts in dispute, the

8    court should deny defendant's motion for summary judgment.  Id.

9                    **UNDISPUTED MATERIAL FACTS PERTAINING TO EXHAUSTION**

10           The evidence submitted by the parties in support of, and in opposition to, the instant

11   motion for summary judgment establishes the following:

12       • Plaintiff began the administrative inmate grievance process after being transferred to

13           California Correctional Institution in Tehachapi, California.  (DSUF 20.)

14       • Plaintiff filed a first level inmate grievance on CDCR Form 602, dated June 24, 2010,

15           regarding his treatment by nurses at CSP-Solano during the period of June 4 – 13,

16           2010.  (DSUF 19; Declaration of K. Robinson ("Decl. K. Robinson") ¶¶ 4, ECF

17           No. 39-5.)

18       • Plaintiff was sent a screening letter by prison officials, dated 6/29/10, which provided

19           in pertinent part:

20           Tracking #: IA-03-2010-12067

21           Your appeal is being returned to you for the following reasons:

22               The action or decision being appealed is not within the
                 jurisdiction of CCI.
23

         Comment:
24

25           YOUR APPEAL HAS BEEN FORWARD TO CMF AS THE
             COMPLAINT CONCERNS STAFF AT THAT INSTITUTION.
26
             NOTE: This screening action may not be appealed unless you
27           allege that the above reason(s) is inaccurate.  In such case, return
             this form and your appeal to the Health Care Appeals Office with
28           the necessary information.

                                                    5

HEALTH CARE APPEALS COORDINATOR 6/29/10

California Correctional Institution

(Decl. K. Robinson Ex. A-3.)

- Plaintiff's inmate grievance was forwarded from CCI to California Medical Facility ("CMF").  (Decl. K. Robinson ¶ 4.)

- Plaintiff's inmate grievance was then forwarded from CMF to CSP-Solano, where it arrived on July 26, 2010.  (Decl. K. Robinson ¶ 4.)

- On July 26, 2010, plaintiff's inmate grievance was logged as a medical appeal because it involved plaintiff's disagreement with the treatment he received.  It was forwarded to the Chief Executive Officer of Health Care Services at CSP-Solano to determine whether it met the criteria to be considered a staff complaint.  (DSUF 21.)

- On August 4, 2010, plaintiff's inmate grievance was determined not to meet the requirements for processing as a staff complaint.  (DSUF 22.)

- Plaintiff was sent a screening letter by prison officials, dated 4-8-10,[2] which provided in pertinent part:

Tracking #: IA-24-2010-12949

Your appeal is being returned to you for the following reasons:

[BLANK]

Comment:

Per Title 15 Section 3084.3 C (1) The action or decision being appealed is not within the jurisdiction of the department.

NOTE: This screening action may not be appealed unless you allege that the above reason(s) is inaccurate.  In such case, return this form and your appeal to the Health Care Appeals Office with the necessary information.

[ILLEGIBLE SIGNATURE]  HCAC          4-8-10

R. FLEISCHMAN, AGPA

HEALTH CARE APPEALS COORDINATOR

---

[2] Defendants argue that this was a typographical error, and should have read "8-4-10."  (See Decl. K. Robinson ¶ 5; DSUF 23.)

1       California State Prison, Solano

2       (Decl. K. Robinson Ex. A-5.)

3       • Plaintiff did not appeal the denial of his inmate grievance. (DSUF 27.)

4       • The procedures and critical deadlines for medical grievances were the same as for

5       other inmate grievances as set forth in California Code of Regulations, Title 15.

6       (DSUF 10.)

7                                           **ANALYSIS**

8           The question for the court is whether plaintiff exhausted his administrative remedies

9   regarding his claims against the defendants which are set forth in his complaint pending before

10  the court, and if he did not, whether plaintiff's failure to meet the pre-filing exhaustion

11  requirement may be excused. See Sapp, 623 F.3d at 823-24.

12          In order to meet their initial burden as the moving party, defendants need only show "that

13  there was an available administrative remedy, and that the prisoner did not exhaust that available

14  remedy." Albino, 747 F.3d at 1172. Defendant's undisputed evidence establishes that plaintiff

15  filed an initial inmate grievance regarding the incident underlying this civil action, and that he

16  failed to appeal that inmate grievance to the second or third levels of appeal, as required by the

17  California regulations that were then in effect. See Cal. Code Regs. tit. 15, § 3084.5 (titled

18  "Levels of Appeal Review and Disposition"). Therefore, defendants have met their initial burden

19  of demonstrating plaintiff's non-exhaustion.

20          Consequently, the burden shifts to plaintiff to plaintiff to come forward with evidence

21  "showing that there is something in his particular case that made the existing and generally

22  available administrative remedies effectively unavailable to him." Id. The Ninth Circuit has

23  recognized that administrative remedies may be rendered effectively unavailable if prison

24  officials improperly screen out an inmate appeal. Sapp, 623 F.3d at 822-23. To satisfy this

25  exception to the exhaustion requirement, a plaintiff must show "(1) that he actually filed a

26  grievance or grievances that, if pursued through all levels of administrative appeals, would have

27  sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials

28  /////

                                                    7

1  screened his grievance or grievances for reasons inconsistent with or unsupported by applicable

2  regulations." Id. at 823–24.

3       Under the first element, "[a] grievance suffices to exhaust a claim if it puts the prison on

4  adequate notice of the problem for which the prisoner seeks redress." Id. at 824.  "To provide

5  adequate notice, the prisoner need only provide the level of detail required by the prison's

6  regulations." Id. (quoting Jones, 549 U.S. at 218).  The California regulation then in effect

7  required only that an inmate submitting an inmate grievance on Form 602 "describe the problem

8  and action requested."  Cal. Code Regs. tit. 15, § 3084.2(a) (2009).  Inspection of the Form 602

9  submitted by plaintiff regarding the incident in question shows that he complained of (i) receiving

10  injections despite informing the administering nurse of his fear of needles, and despite the fact

11  that oral medications were available, (ii) removal of a fan after the ventilation system failed, and

12  (iii) being told to kill himself.  (ECF No. 39-5 at 4-5.)  These are the same allegations upon which

13  plaintiff is proceeding against defendants in this civil action.  In short, plaintiff's inmate

14  grievance filed at the first-level ought to have alerted prison officials to the nature of his

15  complaints about defendants' actions.   Plaintiff has therefore satisfied the first element of the test

16  for whether prison officials made administrative remedies effectively unavailable to him.

17       To satisfy the second element, plaintiff must show that prison officials denied his inmate

18  grievance for reasons inconsistent with or unsupported by applicable regulations.  Sapp, 623 F.3d

19  at 824.  On review, it appears that prison officials' asserted reason for denying plaintiff's

20  grievance was inconsistent with the procedural requirements of California Code of Regulations,

21  title 15, § 3084.3.

22       The undisputed facts set forth above include the following:

23  • On July 26, 2010, plaintiff's grievance was logged as a medical appeal because it

24     involved plaintiff's disagreement with the treatment he received.  The grievance was

25     then forwarded to the Chief Executive Officer of Health Care Services at CSP-Solano

26     to determine whether it met the criteria to be considered a staff complaint.  (DSUF

27     21.)

28

1       • On August 4, 2010, the grievance was determined not to meet the requirements for

2           processing as a staff complaint.  (DSUF 22.)

3       But the screening letter sent to plaintiff by prison officials did not state that his inmate

4   grievance failed to meet the requirements for assignment as a staff complaint.  Rather, the only

5   substantive content in the letter was the following sentence: "Per Title 15 Section 3084.3 C (1)

6   The action or decision being appealed is not within the jurisdiction of the department."[3]  An

7   empty blank appeared under the provision that reads, "Your appeal is being returned to you for

8   the following reasons:[.]"  No further explanation for the denial of the inmate grievance was

9   given.  This denial must be read in light of the undisputed fact that "[t]he procedures and critical

10  deadlines for medical grievances were the same as for other inmate grievances as set forth in

11  California Code of Regulations, Title 15."  (DSUF 10.)  California Code of Regulations, title 15,

12  § 3084.3(d), as then framed, provided:

13              (d)  Written rejection.   When rejecting an appeal, the appeals
                coordinator shall complete an Appeals Screening Form . . .
14               explaining why the appeal is unacceptable.

15       In this case, prison officials failed to meet this requirement because they provided no

16  reason for the denial of the inmate grievance other than the quoted regulatory language regarding

17  lack of jurisdiction, which was framed by them merely as a "comment."  The absence of any

18  reason for the denial of plaintiff's inmate grievance rendered that denial inconsistent with the

19  applicable regulations, particularly since prison officials' failed to direct plaintiff to an agency

20  which might have jurisdiction over his inmate grievance.  Absent this information, plaintiff could

21  not know whether he should file his inmate grievance elsewhere, or appeal the denial of the

22  grievance for lack of jurisdiction, or as he did, simply proceed to file suit.

23       It also appears that, as a substantive matter, the rejection of plaintiff's inmate grievance

24  was inconsistent with the applicable regulations.  As already discussed, plaintiff's inmate

25  grievance put prison officials on sufficient notice regarding the nature of his complaint.  Under

26  then-effective regulations, prisoners had the right to appeal administratively "any departmental

27  [3] At the time of the incident in question, § 3084.3(c)(1) provided that an inmate appeal could be
    rejected if "[t]he action or decision being appealed [wa]s not within the jurisdiction of the
28  department."  Cal. Code Regs. tit. 15, § 3084.3(c) (2010).

1    decision, action, condition or policy which they can demonstrate as having an adverse effect upon

2    their welfare."  Cal. Code Regs. tit. 15, § 3084.1(a) (2009).  Yet defendants claim that they lacked

3    jurisdiction over plaintiff's inmate grievance because – for reasons unspecified in their motion –

4    that grievance failed to meet the requirements for processing as a staff complaint.  In this regard,

5    defendants appear to be taking inconsistent positions:  that prison officials were subject to the

6    applicable regulations (including the broad provisions of § 3084.1(a)) and that these same

7    officials simultaneously lacked jurisdiction over plaintiff's inmate grievance.

8            The court's own research has uncovered only three prior cases that address  whether an

9    inmate properly exhausted administrative remedies after being informed that his or her inmate

10   grievance was deemed to be "not within the jurisdiction of the department" under § 3084.3(c)(1).

11   See  Johnson v. Terhune, No. 2:01-cv-01033-FCD-PAN, 2006 WL 581179 (E.D. Cal. Mar 8,

12   2006) (recommending denial of motion to dismiss for failure to exhaust administrative remedies

13   on grounds that, once prison officials informed the inmate that his grievance was untimely and

14   that they lacked jurisdiction, "there were no administrative remedies left available to him."),

15   adopted by 2006 WL 931768 (E.D. Cal. Apr. 11, 2006); Walker v. McDonald, No. 2:10-CV-

16   2835-KJM-CKD, 2011 WL 5513446 (E.D. Cal. Nov. 10, 2011) (recommending denial of a

17   motion to dismiss for failure to exhaust administrative remedies prior to filing suit on the grounds

18   that prison officials failed to inform the inmate why they lacked jurisdiction over his grievance),

19   adopted in pertinent part by unpublished order dated Jan. 6, 2012 (ECF No. 28); Hines v.

20   Noriega, No. 2:13–CV–0392-JAM-AC, 2015 WL 1021313 (E.D. Cal. Mr. 9, 2015)

21   (recommending the denial of summary judgment for failure to exhaust administrative remedies

22   prior to filing suit on the grounds that the inmate grievance was wrongly cancelled as time-

23   barred).

24           Of these decisions, Walker is the most on-point.  There, the plaintiff filed an inmate

25   grievance alleging that correctional officers placed him in mechanical restraints (handcuffs

26   attached to a waist chain), and then failed to hold onto the waist chain; while walking, plaintiff

27   slipped on ice and fell, breaking his shoulder bone.  Walker, 2011 WL 5513446 at *1.  The

28   plaintiff timely filed an inmate grievance, to which he received the following response from

1    prison officials:

2          The action or decision being appealed is not within the jurisdiction
           of the department. We are returning the documents to you so you
3          may pursue the matter through the appropriate agency. (CCR
           3084.3(c)(1)).
4

5    Id. at *2.  The plaintiff failed to appeal this denial any further.  Consequently, after he filed suit,

6    the defendants moved to dismiss the action for failure to exhaust administrative remedies prior to

7    filing suit as required.  The assigned magistrate judge recommended that the motion to dismiss be

8    denied, writing:

9          Title 15 of the California Administrative Code § 3084.1 provides
           that inmates may utilize the CDCR grievance process for "review
10         of departmental policies, decisions, actions, conditions, or
           omissions that have a material adverse effect on the welfare of
11         inmates and parolees."  In light of such expansive criteria, and the
           fact that defendants fail to offer any reason why there was no
12         "jurisdiction" to hear plaintiff's grievance at the first formal level,
           the court cannot find that plaintiff failed to exhaust available
13         administrative remedies. On the record before the court, plaintiff
           did what he was required to do and then was shut-out of the
14         grievance process for a reason which appears to run afoul of the
           regulations for the inmate grievance process. Defendants' motion to
15         dismiss for failure to exhaust administrative remedies should be
           denied.
16

17    Id.  The reasoning of the court in Walker is equally applicable here, if not more so.  As in

18    Walker, the plaintiff in this action was given no "reason why there was no 'jurisdiction' to hear

19    [his] grievance at the first formal level."  Id.  If anything, plaintiff in this case was given even less

20    information than the plaintiff in Walker, who was at least advised by prison officials that he could

21    "pursue the matter through the appropriate agency."  Id.

22          In sum, prison officials' failure to provide plaintiff with any factual basis for the denial of

23    his inmate grievance was inconsistent with applicable regulations, both procedurally (for failing

24    to explain why the inmate grievance was deemed to be unacceptable) and substantively (given the

25    broad scope of permissible grievances).  Plaintiff has therefore satisfied the second element of the

26    exception-to-exhaustion test.  Because plaintiff was effectively denied administrative remedies,

27    his failure to exhaust such remedies prior to filing suit ought to be excused.

28    /////

1    Defendants cite to evidence that plaintiff previously submitted two prior inmate

2    grievances to the second level of review, which "demonstrates [that] he knew how to navigate

3    CDCR's grievance system, that it consisted of multiple levels of review, and that potential relief

4    remained available."  (Reply, ECF No. 48 at 5.)  However, there is nothing before the court to

5    show what information was provided to plaintiff by prison officials in those other instances

6    regarding the reasons for denial of his grievances at the first level of review.  Defendants'

7    argument would carry more weight if, e.g., it was shown that plaintiff proceeded to the second

8    level of review in those prior instances despite receiving the same sort of cursory denial of his

9    inmate grievances.  Absent such evidence, defendants cannot overcome plaintiff's showing that

10   there was "something" – i.e., the defective screening letter – "in this particular case that made the

11   existing and generally available administrative remedies effectively unavailable to [plaintiff]."

12   Albino, 747 F.3d at 1172.

13       Accordingly, based on the evidence presented in connection with the pending motion for

14   summary judgment, the undersigned recommends that defendants' motion for summary judgment

15   on failure to exhaust grounds be denied.

16

17                                  **CONCLUSION**

18       For the reasons set forth above, IT IS HEREBY ORDERED that:

19       1.    The Clerk of the Court randomly assign a district judge to this action.

20       IT IS HEREBY RECOMMENDED that:

21       1. Defendants' motion for summary judgment based on plaintiff's failure to exhaust

22   administrative remedies prior to filing suit as required (ECF No. 39) be denied.

23       These findings and recommendations are submitted to the United States District Judge

24   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

25   after being served with these findings and recommendations, any party may file written

26   objections with the court and serve a copy on all parties.  Such a document should be captioned

27   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

28   objections shall be filed and served within seven days after service of the objections.  The parties

are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 20, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:10
mcmu0103.57fte